UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CYRUS MCCORKLE,

                                                  Plaintiff,

                           v.                                                         9:09-CV-0157

FELIX ROSA; R. GUY VIZZIE;
VANESSA A. CLARK; LIVIO LAZZARI;
JAMES B. FERGUSON; DEBRA LOOMIS;
GLORIA D'AMICO,

                                                  Defendants.
_____

APPEARANCES:

CYRUS MCCORKLE
Plaintiff, *pro se*

GARY L. SHARPE
U.S. DISTRICT COURT JUDGE

## MEMORANDUM-DECISION and ORDER

### I. Introduction

    Presently before this Court is a civil rights complaint filed by Cyrus McCorkle.[1]

McCorkle, who has not paid the statutory filing fee for this matter, has also filed an *in forma pauperis* application.

### II. Discussion

    Where a plaintiff seeks leave to proceed *in forma pauperis,* the Court must determine whether the plaintiff has demonstrated sufficient economic to proceed without prepaying, in full, the $350.00 filing fee.  The Court must also consider whether the

---

[1] McCorkle, along with Melvin Williams and Marc Lewis, is a plaintiff in another recently commenced action in the Northern District. *McCorkle v. Patterson*, No. 1:08-CV-1130 (LEK/DRH).

causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1).

### A. Economic Need

In this case, plaintiff has demonstrated economic need. Accordingly, plaintiff properly commenced this action without prepayment of the filing fee.

### B. Sufficiency of the Complaint

Turning to the second inquiry, Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2)   [S]hall dismiss the case at any time if the Court determines that -
>
> \*\*\*
>
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, although the Court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the Court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.[2]

---

[2] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008

In his *pro se* complaint, McCorkle states that he appeared before the Parole Board seven times between June, 1997 and June, 2005 and was on each occasion denied parole release. Dkt. No. 1 at 13.[3]  McCorkle claims that his due process rights were violated because the Parole Board decisions were not made in accordance with the requirements of New York state law and the applicable rules and regulations. Specifically, McCorkle claims that the parole commissioners failed to considered his available sentencing minutes. Dkt. No. 1 at 14. McCorkle seeks monetary damages. McCorkle has named as defendants six individuals identified as New York State Parole Commissioners and the Clerk of the Queens County Clerk and Supreme Court Clerk. For a complete statement of McCorkle's claims, reference is made to the complaint.

In order to proceed with his claim that he was denied parole in violation of his constitutional rights, it must appear that McCorkle enjoyed a protected liberty interest under New York's statutory scheme for determining whether to grant or deny parole. *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001) (per curiam). It is well-settled, however, that "the New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release," and that, as a result, prisoners in New York state are not entitled to the safeguards afforded by federal due process with respect to parole

---

WL 268215, *1 n.3 (Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[3] . According to the public website maintained by the New York Department of Correctional Services, McCorkle's next appearance before the Parole Board is June, 2010. See http://nysdocslookup.docs.state.ny.us. McCorkle was convicted of two counts of attempted murder in the second degree and robbery in the first and second degrees and was sentenced to an indeterminate term of fourteen and one-third to forty years imprisonment. Dkt. No. 1 at 11

release determinations. *Barna,* 239 F.3d at 171.[4]  As a result, alleged violations of procedural requirements of the New York parole scheme "are matters for consideration by the state courts."  *Boothe v. Hammock*, 605 F.2d 661, 665 (2d Cir. 1979).

As noted above, McCorkle also named "Gloria D'Amico, Queens County Clerk and Supreme Court Clerk" as a defendant in this action "in her official capacity."  Dkt. No. 1 at 12.  McCorkle's complaint does not include any specific allegations of wrongdoing or misconduct by this defendant, and the complaint is therefore subject to dismissal as against D'Amico for failure to state a claim upon which relief may be granted.[5]

### III. Conclusion

Based upon the foregoing, the Court finds that the complaint, as drafted, fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.  The complaint

---

[4] The decision of the Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), allowing a § 1983 action by Ohio prisoners challenging the constitutionality of that state's parole process, is not to the contrary. The *Wilkinson* Court "did not create or comment on any constitutional entitlements relating to parole."  *Standley v. Dennison*, No. 9:05-CV-1033(GLS), 2007 WL 2406909 *1 (N.D.N.Y. Aug. 21, 2007) (GLS); see *Duemmel v. Fischer*, No. 9:08-CV-1006(TJM), 2009 WL 174364 *1-2 (N.D.N.Y. Jan. 23, 2009).  The Court also notes that McCorkle does not claim that defendants acted "arbitrarily" or "capriciously," for example, based on an inappropriate consideration of a protected classification (such as race, religion, gender, economic status, etc.) or an "irrational distinction."  *See Standley*, 2007 WL 2406909 at *1 (quoting *Yourdon v. Johnson*, 01-CV-812E, 2006 WL 2811710 at *2 (W.D.N.Y. Sept. 28, 2006)).

[5] To the extent that the complaint can be read to assert a claim arising out of the allegedly wrongful refusal of Clerk's Office staff to accept McCorkle's CPLR Article 78 petition for filing because it was not properly venued in Queens County, such a claim is not cognizable under § 1983.  Moreover, because a claim for damages against this defendant in her capacity as an official of the New York State court system is in reality a claim against the State of New York, such claim is barred by the Eleventh Amendment.  *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Kentucky v. Graham,* 473 U.S. 159, 166-67 (1985).

must, therefore, be dismissed. Because the problem with plaintiff's cause of action is substantive, such that better pleading will not cure it, leave to re-plead is denied as futile.  See *Cuocco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In light of the dismissal of this action, plaintiff's *in forma pauperis* application is denied as moot.

WHEREFORE, it is hereby

ORDERED, that plaintiff's' *in forma pauperis* application (Dkt. No. 2) is denied as moot, and it is further

ORDERED, this action is dismissed for failure to state a claim upon which relief may be granted, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated: March 27, 2009

_____
United States District Court Judge